Kloman *v.* Kloman.

## Charles Kloman

*v.*

## Lurenah C. Kloman.

[Filed July 13th, 1901.]

1. A divorce will not be granted on the uncorroborated confessions of adultery by the defendant, though such confessions are non-collusive.

2. The statements of the alleged paramour are not evidence.

On bill for divorce.

*Messrs. McEwan & McEwan,* for the complainant, *ex parte.*

Reed, V. C.

The charge is adultery committed by the defendant with one Umberto Verdesi, an Italian, in the city of Rome and in the city of Milan, Italy.

The proof is confined to confessions made by the defendant and by Verdesi.

The statements of the latter are not evidence. *Berckmans* v. *Berckmans, 1 C. E. Gr. 122; Graham* v. *Graham, 5 Dick. Ch. Rep. 701.*

The confessions of the wife were contained in letters written

to her friend, Miss Ruth Ray, which letters were taken by the complainant from the desk of Miss Ray without, as complainant says, the knowledge of Miss Ray. It is said that the defendant also confessed in letters to her husband in reply to his letter, written to her after the Ray letters had come into his possession. Miss Ray also says that defendant verbally confessed to her that she loved and had been intimate with Verdesi in his rooms in Rome. This confession was made while the defendant was in this country, to which she had returned in July, 1899. Defendant had been abroad with her daughter, who was put to school there. In the latter part of August, of this year, she again went abroad —complainant says against his wishes.

Two letters, one undated and the other dated September 25th, 1899, were written by the defendant to Miss Ray soon after her return to Europe. They contain a confession of adultery with Verdesi.

The two letters to her husband, by their reference to the letters to Miss Ray, admit the truth of the statements made by her in the last-mentioned letters.

The confessions are presented in a very convincing shape.

The question is whether, upon them alone, a decree can be advised for the complainant.

In *Clutch* v. *Clutch, Sax. 474,* Chancellor Vroom refused to make a decree upon proof of the admission of the defendant that he had contracted the venereal disease. The learned and accurate chancellor remarked that confessions are never held sufficient without strong corroborating circumstances.

In *Miller* v. *Miller, 1 Gr. Ch. 139,* the defending wife had admitted her adultery. Chancellor Pennington thought that the confession was made through fear of her husband. He remarked of these admissions, "they are competent when connected with other proof."

In *Jones* v. *Jones, 2 C. E. Gr. 351,* Chief-Justice Beasley, sitting as master while advising a decree for the complainant, said: "The approved rule of law appears to be that a divorce will not be granted when the admissions of the criminal party constitute the entire basis upon which to rest the conclusion of guilt. Such evidence, it is said, may convince to a moral certainty but does

not fill the measure of legal proof." The evidence in that case, aside from the defendant's admissions, was that he visited houses of ill-fame on occasions, and under circumstances, entirely irreconcilable with any but a vicious purpose.

In *Derby* v. *Derby, 6 C. E. Gr. 36,* Chancellor Zabriskie said: "It is not usual to grant a divorce on a charge of adultery sustained by the confession of the defendant alone," citing in support of this statement *Miller* v. *Miller, supra.* The words "not usual" would imply that there might be exceptional instances where a divorce could be granted solely upon the admission of the defendant. The case of *Miller* v. *Miller,* however, refutes this notion. In that case the rule announced by Chancellor Kent in *Betts* v. *Betts, 1 Johns. Ch. 198,* was adopted. This rule was that the party's confession may aid other proof, but the decree must not rest alone nor, perhaps essentially, on such confession.

The question now mooted seems never to have been passed upon by the court of appeals, for in *Summerbell* v. *Summerbell, 10 Stew. Eq. 603,* the confession itself was discarded, or regarded as so weakened by the circumstances as to render it unreliable as evidence.

That there must be evidence in aid of the confession is a rule entirely settled. But the character of such evidence is said, by Mr. Bishop, to be not settled in England nor in this country.

He says there is a contrariety of view as to whether such evidence must be in proof of the act charged, or need only be evidence showing freedom of the confessing party from coercive influences or collusive intentions.

Mr. Bishop says that the latter is implied in some of the English cases and is so adjudged in some of the American cases. *2 Bish. Mar. & D.* §§ *244, 245.*

The analysis of the leading cases in England upon this branch of evidence in divorce cases, contained in the opinion of the learned master in the case of *Summerbell* v. *Summerbell, supra,* seems to exhibit the weakness of the implication stated by Mr. Bishop. He shows that in *Williams* v. *Williams, 1 Hagg. Cons. 299; Mortimer* v. *Mortimer, 2 Hagg. Cons. 310; Harris* v. *Harris, 2 Hagg. Cons. 148; Burgess* v. *Burgess, 2 Hagg. Cons. 223;*

---

Kloman *v.* Kloman.

---

*Noverre* v. *Noverre, 1 Rob. 428; Owen* v. *Owen, 4 Hagg. Cons. 261; Grant* v. *Grant, 2 Curteis 16; Tucker* v. *Tucker, 11 Jur. 893; Deane* v. *Deane, 12 Jur. 63; Shuldham's Divorce, 12 Cl. & F. 363,* there were facts which tended to prove the truth of the act charged.

In *Shuldham's Divorce, supra,* a letter from a wife to a husband confessing adultery was held not to be sufficient evidence of adultery.

The master summed up his examination of the case by saying: "It is clear, therefore, that up to the time of the institution of the matrimonial court no divorce was in fact granted in England solely upon the unsupported confession of the criminated party, adjudged by the court to have been made without collusion."

He also remarked that the only case in this country in which a divorce has been granted solely on a non-collusive confession is *Billings* v. *Billings, 11 Pick. 461.*

Whatever may have been the views taken elsewhere there can be no doubt of the sentiment which has always obtained in this court. Mr. Bishop, in his note to the section in which he states that, with us, it has been adjudged that evidence of the non-collusive character of a confession will entitle it to a credit sufficient to support a decree, puts the case of *Clutch* v. *Clutch, Sax. 474,* in opposition to this doctrine. The language employed in *Betts* v. *Betts, supra,* adopted in *Miller* v. *Miller, supra,* and in *Jones* v. *Jones, supra,* taken in connection with the facts in these cases, leaves no room for doubt that the meaning was that the corroborating evidence must be in respect of the act charged.

As the present case rests solely upon the admissions of the defendant the bill must be dismissed, unless corroborating facts can be supplied.