# HOLDEN *v.* MATTESON.

DIVORCE; ADULTERY; EVIDENCE; ADMISSIONS.

1. On an appeal by a corespondent in a divorce suit, from that part of the decree of divorce which found that he had committed adultery with the defendant, the evidence was reviewed and found to sustain the finding, it appearing, among other things, that he and the defendant had, on several occasions, occupied the same rooms together as man and wife in a boarding house and a hotel.

2. The admission in evidence by the court below of a confession by one of two corespondents in a divorce suit, cannot properly be made the basis of an assignment of error by the other corespondent on an appeal by him from that part of the decree of divorce finding that he had committed adultery with the defendant.

3. The admissions of a wife charged with adultery are properly received in evidence against her in a suit for divorce by her husband, if they were freely made. (Following *Michalowicz* v. *Michalowicz*, 25 App. D. C. 484.)

4. It is doubtful whether a correspondent in a divorce suit on an appeal by him from that part of the decree of divorce finding that he had been guilty of adultery with the defendant can properly assign as error that the court below erred in not inferring condonation by the plaintiff of the alleged offense of the wife.

5. On an appeal by a corespondent in a divorce suit from a part of the decree granting a divorce to the complainant, it was *held* that there was no evidence to sustain the contention that the suit was collusive between the husband and wife, and the decree was *affirmed*.

No. 2312.   Submitted December 6, 1911.   Decided January 2, 1912.

HEARING on an appeal by a corespondent in a divorce suit from that part of the decree of the Supreme Court of the District of Columbia which found that he had been guilty of adultery with the defendant.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Richard P. Evans* for the appellant.

*Mr. Andrew Wilson, Mr. Claude W. Owen,* and *Mr. James P. Schick* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

By this appeal appellant seeks a reversal of that part of a decree in the supreme court of the District adjudging that Lulu A. Matteson, the defendant in the divorce proceeding in which the decree was entered, had committed adultery with him.

The petition was for absolute divorce, and was filed April 20, 1910. In the petition John A. Stutz and Louis F. Holden, the appellant, were named as correspondents. The averment as to appellant was as follows: "That at various times at said place on Brown street and on C street, northwest, between Third street and John Marshall place, within the last year as well as at other places unknown to the plaintiff, the defendant Lulu A. Matteson has committed adultery with the defendant Louis F. Holden."

Mrs. Matteson in her answer neither admitted nor denied the allegations of the petition, but called for strict proof thereof. She was represented by counsel during the taking of the evidence. The correspondent Stutz entered no appearance. Holden, in the answer which he filed, denied the allegations against him in the bill as there "stated and specified."

Appellant is married and the father of several children. In the summer of 1908 he went to Atlantic City, New Jersey, on his vacation, his wife not accompanying him. There, according to his own admissions, he made the acquaintance of Mrs. Matteson in an unconventional way and was in her company on several occasions, lunching and visiting places of amusement with her. There is evidence to the effect that his admissions by no means cover his real relations with Mrs. Matteson at that place. It is quite unnecessary, however, to review it, nor shall we review in detail the other evidence involving Mrs. Matteson and appellant. He was frequently seen around the Matteson home in Washington, while Mr. Matteson was away. A Mrs. Corrick, an entirely disinterested witness and one whose

testimony bears every indication of truthfulness, kept a rooming house at 304 C street, N. W., in this city, which is in the immediate vicinity of the Arizona Hotel. In the early spring of 1910 she saw a man and woman, whom she subsequently positively identified as appellant and Mrs. Matteson, in the Arizona Hotel, which is a sort of rooming house. She saw appellant register and then walk upstairs with Mrs. Matteson. Shortly after this and in the early part of April of the same year, the same man and woman came to her place and engaged a room for a week, the man representing the woman to be his wife. They used the room the afternoon of that day, but were not there during the night. They returned the next afternoon, when the witness admitted them herself. They again occupied the room for several hours and left. Shortly after this they again applied to her for a room, but she refused their request and referred them to the Arizona Hotel, to which they immediately went. Two rooming clerks of that hotel, also entirely disinterested witnesses, testified with equal positiveness that they had seen Holden and Mrs. Matteson at that hotel on several occasions, and that upon each occasion they registered as husband and wife, and were assigned to and occupied a room. Of course Holden did not give his real name at either Mrs. Corrick's or at the hotel. There is much other evidence tending to show that improper relations existed between Holden and Mrs. Matteson, but we shall not review it. We have read with care Holden's testimony, as well as that of his witnesses, but find nothing therein to cause us to doubt the correctness of the trial court's conclusion. The evidence in our opinion irresistibly leads to that conclusion.

In his second assignment of error, appellant insists that certain admissions or confessions of Mrs. Matteson and the corespondent Stutz should have been excluded. The confession of Stutz in no way involved appellant, and it follows that it in no way concerns him. The admissions of Mrs. Matteson having been freely made, were rightly received in evidence against her. *Michalowicz* v. *Michalowicz,* 25 App. D. C. 484; *Kloman* v. *Kloman,* 62 N. J. Eq. 153, 49 Atl. 810.

In another assignment of error, it is contended that the court erred "in not inferring condonation by the plaintiff of the alleged offenses of the wife." Instead of showing condonation, the evidence sustains the finding that there was none. Moreover, it may be seriously doubted whether appellant, in any event, would have been in a position to raise this question. His objection does not challenge the correctness of the finding involving Mrs. Matteson and himself, but goes rather to the question of the petitioner's right to take advantage of that finding.

Appellant further says that the court should have held that the suit was collusive as between the husband and wife. We find no evidence to sustain this contention.

Judgment affirmed, with costs.                    *Affirmed.*