ELLIS, Inc., Defendant, Appellant,

v.

Albert P. DENIS et al., Plaintiffs,
Appellees.

No. 4926.

United States Court of Appeals
First Circuit.

July 12, 1955.

Hartigan, Circuit Judge, dissented.

Judah B. Felshin, New York City, for appellant.

W. R. Hulbert, Boston, Mass., with whom Wm. W. Rymer, Jr., and Fish, Richardson & Neave, Boston, Mass., were on brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

We are concerned on this appeal with the validity of both claims of United States Patent No. 2,510,622 issued to Albert P. Denis for a Cable Shortening Device designed primarily for shortening the wire cable used in automobile braking apparatus.

The patented device is a simple one. It consists of two parallel metal plates in the shape of triangles with one angle truncated spaced about a quarter of an inch apart, preferably formed by stamping a butterfly shape out of sheet metal and bending the wing-shaped portions into parallel alignment. Thus, viewed edgewise, the device is shaped like a flat bottomed U, the bottom of the U serving to hold the plates apart at their truncated angles. The other two angles of the triangular plates are held rigidly apart by rivets passing through bushings $\frac{1}{4}'$ long placed between the plates. A hole is provided in the middle of the sharply bent portion of the device which corresponds to the flat bottom of the U, and the screw-threaded shank of a hook is passed through the hole from the inside. The plates are bulged outwardly, each bulge in the form of a trough extending from the truncated apexes of the plates to the opposite edge of the device, so that the hook can be moved longitudinally inside the structure as a nut on its shank outside the structure is tightened or loosened.

In operation the edge of the device opposite the truncated angle, which we may call the base of the triangle, is laid alongside the cable about to be shortened in such position that the cable bears against the bushings around the rivets which pass through the two base angles of the roughly triangular plates. The hook is then engaged with the cable and the nut on its shank tightened so that the portion of the cable between the rivets is drawn into a V inside the device. The depth of the V, and hence the extent of the shortening of the cable, depends upon how far the nut on the shank of the hook is turned down. And the V formed in the cable is permanent since the device is designed to remain on the cable and to move with it.

There can be no doubt, indeed it is not disputed, that the District Court was entirely correct in its conclusion that there was no novelty whatever in the idea of forming a V to take up slack in a wire or cable by means of an adjustable hook pulling it in one direction while two fixed points, one on either side of the hook (in the patented device the rivets) in effect push the cable or wire in the opposite direction. Nevertheless, the court below found invention on the ground that the patented device was small, simple, compact, strong, readily adjustable, cheap to manufacture, could be readily installed and could not be shaken off, filled a need felt for over twenty years and enjoyed marked commercial success, all of which in combination it felt indicated that the device constituted more than a mere routine or mechanical improvement over the preceding art. Wherefore, the defendant having conceded that its device infringed if the plaintiffs' patent was valid, the court gave judgment for the plaintiffs in their action for infringement and dismissed the defendant's counterclaim for a declaratory judgment of invalidity, D.C., 125 F.Supp. 583.

 We cannot accept the defendant-appellant's hypothesis that the factors found by the District Court enumerated above, which in substance add up to a finding of greatly increased efficiency, coupled with the make-weight factors of commercial success and supplying a felt need, cannot in combination support a conclusion of invention as a matter of law. But in view of the strictness with which the Supreme Court in recent years has applied the classic test of invention, an increase in efficiency, when no novel principle is involved, must be rather extraordinary to warrant patent protection. See McCord Corp. v. Beacon Auto Radiator Co., 1 Cir., 1952, 193 F.2d 985, 989. This case falls close to the border line, but considering the entire record, we are not inclined to disagree with the District Court.

At this point we might undertake a detailed analysis of the prior art. Should we do so, however, we would expand this opinion out of proportion to the importance of the patent in the automobile art without contributing anything of general value, and the result of our analysis would be to confirm the findings of the District Court that although Denis contributed no new principle, he did produce a device very definitely superior to anything which had gone before. Furthermore, there can be no doubt that the evidence supports the findings that his device filled a twenty-year need and captured a substantial segment of the market. It will suffice to say that we think Denis improved upon the prior art of tools to tighten fence wires and clothes lines (see U. S. Patents to Voglezang, No. 763,445, 1904; to Anderson, No. 1,276,702, 1918; and to Sattler, No. 2,-456,895, 1948; and Australian Patent to the Jordans, No. 1511, 1927), and the prior art of bed brace tighteners and automobile brake cable shorteners (see U. S. Patents to Hunt, No. 505,527, 1893; to Suydam, No. 1,957,367, 1934; to Topinka, No. 2,336,818, 1943; and to Melidoni, No. 2,444,743, 1948 and No. 2,497,007, 1950), to a sufficiently marked degree, in view of his commercial success and the length of the need he filled, to warrant the protection of a patent.

We recognize that this decision rests in large part upon our fiat. But the question here as in Associated Folding Box Co. v. Levkoff, 1 Cir., 1952, 194 F.2d 252 is whether the court below erred in that it applied the standard of invention too leniently. And, however verbalized, there is really nothing much more tangible to guide us in giving an answer to that question than our view, tempered by what we think would be the view of the Supreme Court, as to whether protecting the improvement covered by the patent in suit would serve in the long run to promote rather than to impede progress in science and the useful arts.

The judgment of the District Court is affirmed but without costs.

HARTIGAN, Circuit Judge, dissents.