JORGENSEN BROS., Appellant,

v.

COMMERCE-PACIFIC, INC., Appellee.

No. 17014.

United States Court of Appeals
Ninth Circuit.

July 10, 1961.

Townsend & Townsend, Stephen S. Townsend, Charles E. Townsend, Jr., and James B. Gambrell, San Francisco, Cal., for appellant.

George Bouchard, El Cajon, Cal., and Richard A. Perkins, Los Angeles, Cal., for appellee.

Before CHAMBERS and HAMLEY, Circuit Judges, and BOWEN, District Judge.

PER CURIAM.

The appeal is dismissed without prejudice.

The basic claim of Denison-Johnson, Inc., as plaintiff against Jorgensen Bros. and others, presumably is still pending in the district court. The Jorgensens' counterclaim against Commerce-Pacific and the plaintiff Denison-Johnson has been dismissed as to Commerce-Pacific on the ground of improper venue. (The pleading so far as it concerns Commerce-Pacific would be more properly denominated a cross-claim. Likewise, Commerce-Pacific should be considered a third party defendant.)

No order under § 54(b), Federal Rules of Civil Procedure, 28 U.S.C., has been entered. And our case of Steiner v. Twentieth Century Fox Film Corporation, 9 Cir., 220 F.2d 105, would negate the propriety of such an order here.

Appellant can claim no right for a permissive interlocutory appeal, if such were appropriate, because the necessary orders of the district court and this court are absent, 28 U.S.C. 1292(b).

But appellant claims a right to be here under the collateral order doctrine and because the "counterclaim" had a prayer for a temporary and for a permanent injunction. 28 U.S.C. 1292(a).

In our view, Baltimore Contractors, Inc., v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233, is applicable here. Although there is a difference in the facts, the principles there restated seem to apply.

CHAMBERS, Circuit Judge, and BOWEN, District Judge, concur in the foregoing per curiam.

CHAMBERS, Circuit Judge (concurring).

In my view this is a situation where the appellant, except for Steiner, supra, would have asked in the district court for an order under Rule 54(b) of the Federal Rules of Civil Procedure. The attention of the parties is invited to the amendment of Rule 54(b), effective on July 19, 1961.

I am unable to agree that this is really an appeal from an interlocutory order granting or denying an injunction. The case against Commerce-Pacific did not reach the point of granting or denying an injunction. The dismissal is on the ground of venue. I test the case by what was the issue ruled on and what was the ruling, not by the prayer of a claim.

I would not think that we would allow an appeal if the cross-claim had been dismissed for want of jurisdiction or failure to state a claim—just because there was a prayer for an injunction.

I distinguish Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S. Ct. 1221, 93 L.Ed. 1528, on the ground it is a true collateral order doctrine case. To me, this is not.

HAMLEY, Circuit Judge (dissenting).

Denison-Johnson, Inc., brought this patent infringement suit against American Foreign Industries, Inc., Getz Bros. & Co., Inc., and Jorgensen Bros. Defendant Jorgensen Bros. filed an answer containing admissions, denials, affirmative defenses, and five counterclaims. Plaintiff was named a "counter-defendant" in all five counterclaims. Commerce-Pacific, Inc., not theretofore a party to the action, was named an additional "counter-defendant" in the first two counterclaims.

The relief prayed for included preliminary and permanent injunctions against both counter-defendants to restrain them from further engaging in combinations, conspiracies and illegal acts, as alleged in the counterclaims. An order was thereafter entered adding Commerce-Pacific, Inc., as a party to the action.

Commerce-Pacific, Inc., having been made a party, then moved to dismiss the counterclaims against it, for asserted improper venue. This motion was granted, whereupon Jorgensen Bros. took this appeal. Commerce-Pacific, Inc., has moved to dismiss the appeal contending that the order is not a final judgment and that it is not appealable under 28 U.S.C.A. § 1292(b) as an interlocutory order. Appellant contests both of these contentions and further argues that the order is appealable under 28 U.S.C.A. § 1292(a) (1). The majority holds that appellant is wrong on all three points and dismisses the appeal.

In my view the order is appealable under section 1292(a) (1). It is provided in that section, in part, that courts of appeals shall have jurisdiction of appeals from "(1) Interlocutory orders * * * refusing * * * injunctions * * * except where a direct review may be had in the Supreme Court." It is not contended that a direct review of the instant order may be had in the Supreme Court.

Where a complaint or counterclaim in a patent infringement action contains a prayer for injunctive relief the dismissal thereof on a ground going to the merits, although interlocutory because it does not dispose of the entire action, is appealable under section 1292(a) (1). Talon, Inc. v. Union Slide Fasteners, Inc., 9 Cir., 249 F.2d 308; George P. Converse & Co. v. Polaroid Corp., 1 Cir., 242 F.2d 116, 117.

Here, however, the dismissal of the counterclaim was not on a ground going to the merits, but was on the ground of improper venue. The question presented, then, is whether the fact that dismissal was on a ground not involving the merits deprives the order of appealability under section 1292(a) (1).

As to that question it does not seem to me that Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233, relied upon by the majority, is helpful. That was an equitable action for an accounting of the profits of a joint venture, removed to a federal court on the basis of diversity of citizenship. Defendant did not by counterclaim or otherwise seek a preliminary or permanent injunction to restrain plaintiff from performing any act in connection with the operation of the joint venture. All he did was to move in the district court for an order staying the accounting action pending arbitration. The court of appeals dismissed the appeal and the Supreme Court affirmed holding that the order denying a stay was a step in controlling the litigation before the trial court, not the refusal of an interlocutory injunction.

In our case the items of relief sought are typical preliminary and permanent injunctions to restrain plaintiff from performing certain assertedly illegal acts. The order entered was not for the purpose of controlling the lawsuit in the sense used in the Baltimore case.

Much more pertinent, it seems to me, is the decision in Cutting Room Appliances Corp. v. Empire Cutting Machine Co., Inc., 2 Cir., 186 F.2d 997. It was there held that where in a counterclaim to a patent infringement action the relief sought included a preliminary and permanent injunction, dismissal of the counterclaim for lack of jurisdiction because there is no diversity of citizenship is appealable under section 1292(a) (1).

Cutting Room Appliances Corp. demonstrates that appealability under section 1292(a) (1) is not dependent upon a showing that the order is based on a ground going to the merits. If dismissal for lack of diversity jurisdiction does not preclude an appeal under that section I do not see why dismissal for improper venue should preclude such an appeal. In both cases, as in the case where dismissal is on the merits, the interlocutory order is one "refusing" an injunction. That is all section 1292(a) (1) requires, the statute making no distinction as between grounds on which such refusal is based.