**JORGENSEN BROS., Appellant,**

v.

**COMMERCE–PACIFIC, INC., Appellee.**

**No. 17653.**

United States Court of Appeals Ninth Circuit.

July 3, 1962.

Townsend & Townsend, Stephen S. Townsend, Charles E. Townsend, Jr., Donald J. DeGeller, and Anthony B. Diepenbrock, San Francisco, Cal., for appellant.

George Bouchard, El Cajon, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

CHAMBERS, Circuit Judge.

Denison-Johnson, Inc., a Minnesota corporation and still plaintiff in the trial court, owns two patents on closed face spinning reels which are used by fishermen. It manufactures spinning reels in the United States. Jorgensen Brothers are a partnership with their principal place of business at Pleasanton in the Northern District of California. Jorgensens apparently import closed face spinning reels from Japan for the American market. Jorgensens pay no royalty to Denison and claim the Denison patents are no good.

Legal action began with a suit by Denison against Jorgensens claiming that the latter were using and selling spinning reels which invade the patent rights of the former. The usual accounting and injunction were requested.

Jorgensens' main defense to the complaint seems to be its assertion that the Denison patents are invalid. But Jorgensens did not rest with mere defense. They counterattacked with a counterclaim [1] back at Denison and off to the side at Commerce-Pacific, Inc., a California corporation (and appellee here) with its principal place of business in Los Angeles in the Southern District of California. Prior to the filing of the counterclaim, Commerce was not yet a party. It would appear that Commerce is a heavy importer of fishing equipment, including spinning reels from Japan. Some years ago and prior to the filing of the Denison complaint, Commerce, after a dispute with Denison, made a settlement with Denison and now pays it royalty.

In their counterclaim the Jorgensens assert that Denison and Commerce are engaged in terror tactics to ruin their business in imported Japanese spinning reels. Counts of the counterclaim assert federal anti trust violations, unfair competition and libel.

Apparently, pro forma, the court at the home of the action, the Northern District of California, entered an order permitting the joinder of Commerce as a third party and the issuance of a summons. Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for statewide process, so the marshal in serving Commerce in the Southern District was no impostor. After service, Commerce appeared and moved to dismiss the counterclaim as to it, alleging improper venue. The motion was supported by affidavits asserting that the defense of the Jorgensen counterclaim in the Northern District at San Francisco will be highly inconvenient, that the legal home and principal activities of Commerce are at Los Angeles in the Southern District, and that it has nothing but a part-time salesman and independent dealers in the Northern District of California. The Judge of the Northern District, after a hearing, dismissed the counterclaim as to Commerce on the ground of improper venue as to it.

Jorgensens attempted an appeal from the order of dismissal, but a divided court held the order non-appealable. Jorgensen Bros. v. Commerce-Pacific, Inc., 9 Cir., 294 F.2d 768. The majority did point out the then up-coming effectiveness of an amendment to Rule 54(b) effective July 19, 1961, which it indicated would permit an appeal. A new order was entered in the district court and the case is back here. We reverse the district court and direct that Commerce be brought back into the case.

In our judgment, Lesnik v. Public Industrial Corporation, 2 Cir., 144 F.2d 968, and our case of Union Paving Company v. Downer Corp., 9 Cir., 276 F.2d 468,[2] point to the result we should reach.

We make this approach. If Commerce-Pacific had been a hapless individual citizen of Nevada, found in the Northern District of California and served with the same counterclaim [3] as a

---

1. 28 U.S.C. § 1338(b) provides as follows:
   "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

2. Cf. Anderson-Friberg, Inc., v. Justin R. Clary & Son, S.D.N.Y., 98 F.Supp. 75, at 83.

3. Under Rule 13 of the Federal Rules of Civil Procedure, a claim by a defendant against a plaintiff is called a counterclaim. And a claim by one defendant against another is called a cross-claim. Under Rule 14 on third parties a defendant may bring

in another party "who is or may be liable to him for all or part of the plaintiff's claim against him." The allegations of Jorgensens as to Commerce do not fit under the "liability over" of Rule 14. Thus, Jorgensens must bring, if at all, Commerce in under Rule 13(h) which reads:
   "Additional Parties May Be Brought in. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not

third party defendant, under Lesnik[4] and Downer we would hold the district court had jurisdiction over the individual. We do not think that the venue statutes, 28 U.S.C. § 1391, § 1392,[5] entitle a third party defendant to a more strict venue construction than current prevailing jurisdictional concepts.[6]

We think the key to the problem is in the very first lines of Lesnik where Judge Clark says (in 1944) "[I]n line with the economy of judicial effort encouraged by the new civil rules, the defendant was able, by filing counterclaims and a cross-complaint against additional parties brought into the case * * *."

Commerce-Pacific's arguments are logical and good, and we have considered every case cited by it,[7] but of two possible plausible constructions we should favor the one that would not require the so-called counterclaim to be tried against Denison in the Northern District of California and Commerce-Pacific in the Southern District of California.

We fully appreciate the inconvenience to Commerce of defending away from home, but the trial court can reduce the burden by trying the validity of the patent and the counterclaim in separate stages. There is many an occasion where Rule 4(f) making process statewide causes inconvenience. Maybe process should be restricted to the issuing district within a state as it is done generally interstate, but that has not been done and the tendency is the other way.

A generous government provides a courtroom, a judge, clerk's staff, and a jury when required (all free of charge). So there is much to be said, when feasible, in favor of not requiring an almost complete duplication of judicial effort in two separate places.

---

deprive the court of jurisdiction of the action."

Names for such a party and a descriptive word for such a claim as against the new party are lacking. We suggested in the first Jorgensen case, cited supra, that as to the new third party the claim denominated as a counterclaim is a cross-claim. This concept is indicated in the Lesnik case.

If this were a true cross-claim there would be no problem. The parties would already be in court and Rule 13(g) would apply.

4. It is clear that here as between Denison and Jorgensens the counterclaim was equally as well related to the claim of Denison as the counterclaims were in Lesnik, supra, and, therefore, compulsory under Rule 13(a). We agree with the ancillary concept as to Commerce stated in Lesnik.

5. 28 U.S.C. § 1391 and § 1392 provide as follows:
"§ 1391. Venue generally
"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district were all plaintiffs or all defendants reside.
"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.
"(d) An alien may be sued in any district. June 25, 1948, c. 646, 62 Stat. 935.
"§ 1392. Defendants or property in different districts in same State
"(a) Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts.
"(b) Any civil action, of a local nature, involving property located in different districts in the same State, may be brought in any of such districts. June 25, 1948, c. 646, 62 Stat. 935."

6. Rule 82, cited by appellee, provides: "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions." But there can be little doubt that modern fast transportation is eroding old concepts.

7. Appellee, Commerce, cites Mississippi Publishing Co. v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185; Edwards v. E. I. Du Pont De Nemours, 5 Cir., 183 F.2d 165; Mercoid Corp. v. Mid-Continent Inv. Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376; Fowler v. Sponge Products Corp., 1 Cir., 246 F.2d 223.

Appellant contends that the record shows the appellee has a business situs in the Northern District of California. The court below found against appellants on this issue on its affidavits. On this point, we agree with appellee.

Appellee again contends the judgment of dismissal complying with Rule 54(b) as amended was not appealable. In our judgment, the amendment of 54(b) was made for such cases as this.

Reversed.