James E. THOMPSON, Plaintiff,

v.

UNITED ARTISTS THEATRE CIRCUIT, INC., Defendant and Third-Party Plaintiff,

v.

NATIONWIDE THEATRE INVESTMENT CO., Third-Party Defendant.

No. 67 CIV. 1771.

United States District Court
S. D. New York.

Sept. 26, 1967.

Marshall, Bratter, Greene, Allison & Tucker, New York City, Charles H. Miller, New York City, of counsel, for plaintiff.

Wachtell, Lipton, Rosen, Katz & Kern, New York City, Herbert M. Wachtell, Peter H. Schuck, New York City, of counsel, for defendant and third-party plaintiff.

David A. Thomas, Cleveland Heights, Ohio, O'Dwyer & Bernstien, New York City, Paul O'Dwyer, New York City, of counsel, for third-party defendant.

## OPINION

TENNEY, District Judge.

Third-party defendant moves herein to dismiss the third-party complaint which, it is claimed, is in violation of Rule 14 of the Federal Rules of Civil Procedure, or, in the alternative, to strike certain allegations in the third-party complaint, or to obtain an order granting separate trials of the issues involved herein. In a companion motion, third-party defendant moves pursuant to Rule 30(b) to vacate, or, in the alternative, to stay the taking of its deposition until such time as its status in this action is determined by this Court.

This is an action by plaintiff Thompson, an architect, to recover of defendant, United Artist Theatre Circuit, Inc. (hereinafter referred to as "UATC" or as "Tenant") the sum of $10,250.00 representing one-half (½) of the architectural fee claimed by Thompson for services rendered in preparing the plans and specifications for a theatre to be constructed pursuant to the terms of an Agreement of Lease (hereinafter referred to as "the lease") entered into in writing on January 13, 1966 and to which Nationwide Theatre Investment Co. (hereinafter referred to as "Nationwide" or as "Landlord") and UATC were the parties.

The lease provided for the construction by Nationwide of a twin drive-in theatre in Akron, Ohio, which theatre would be leased to UATC.

Article III of the lease provided that "landlord * * * shall cause to be prepared, through James E. Thompson, Architect * * * [plaintiff herein] final and complete plans and specifications for construction of the twin drive-in theatre * * *." Article XXXIX provided that in the event of any substantial title defect to the premises, which defect was not remedied by July 1, 1966, UATC, upon giving proper notice, could terminate and cancel the lease, thereby imposing liability upon the Landlord for all of the architectural expenses. Article V provided that if, at any time, the cost estimates indicated that it would not be possible to construct the theatre within the $800,000.00 cost maximum provided for by the lease, UATC would have the option to cancel the lease. In the event such option were exercised, UATC would be obligated to pay to Nationwide one-half (½) of the incurred architectural fees, which it, as Tenant, had approved.

Pursuant to the agreement, Nationwide retained Thompson to prepare the plans and specifications for the proposed theatre, and in accordance with said retainer plaintiff commenced his services. Thereafter, on or about July 29, 1966, UATC, acting pursuant to the lease provisions, gave written notice to Nationwide of its intention to exercise its option to terminate on the grounds that Nationwide had failed to acquire a leasehold interest in the premises, that there existed substantial unremedied title defects, and that Nationwide had conceded that cost estimates had shown that

it was not possible to construct the theatre within the $800,000.00 cost limitation. The present suit is a product of this termination of the lease by UATC.

Thompson's complaint named both Nationwide and UATC as defendants, Thompson claiming the entire sum of $20,500.00 from Nationwide, or, alternatively, one-half (½) of the fee from each of the two defendants. However, on June 14, 1967, Thompson voluntarily dismissed "without prejudice" his action against Nationwide, continuing his lawsuit against UATC. On June 14, 1967, defendant UATC served its answer to the Thompson complaint which denied any direct responsibility to Thompson for any portion of the fee; and, moreover, stated that since Thompson's architectural arrangements were pursuant to an agreement with Nationwide, Thompson should turn to Nationwide for satisfaction of his claim.

On June 16, 1967, defendant UATC filed its third-party complaint against Nationwide which recited, in essence, that by the terms of the lease between UATC and Nationwide, it was agreed that Nationwide would bear all the architectural expenses incurred in the construction of the theatre, and, consequently, if UATC were to be adjudged liable to plaintiff Thompson for said expenses, said defendant in turn should be able to recover this amount from third-party defendant in accordance with Nationwide's obligation under the lease agreement.[1]

Third-party defendant now moves to dismiss the third-party complaint on the grounds that it is no longer possible under the Federal Rules of Civil Procedure to implead a person as third-party defendant simply because said third-party is or may be liable *directly to the original plaintiff*.

Although this Court concedes the correctness of the above-stated principle, it cannot see how this particular case fits within it. This is not a case in which the defendant is seeking to substitute another party as defendant, thereby attempting to control plaintiff's selection of parties to the action. In the instant case, defendant is not attempting to beg out of the litigation but, rather, is merely stating that if it is found liable in this suit by plaintiff for said expenses, by virtue of the provisions of the lease agreement between it and Nationwide it should be able to look to Nationwide for indemnity.

UATC relies on Article XXXIX as the basis for its claim over, which Article provides in pertinent part:

> " * * * the Tenant and/or Landlord shall each have the right to terminate and cancel this lease by serving on the other a written notice of the decision to terminate and cancel, * * * and the *Landlord shall be responsible for all expenses incurred by them and all architectural expenses,* and Landlord shall not be responsible for any other expenses incurred by Tenant." (Emphasis added.)

This Court reads this provision to mean that the Landlord shall be responsible for the architectural expenses *or any such architectural expenses incurred by the Tenant,* although the Landlord shall not be responsible for any "other" expenses incurred by said Tenant. In so interpreting, this Court finds this provision to be one of indemnity for which impleader is perfectly proper. Dery v. Wyer, 265 F.2d 804, 807, 810 (2d Cir. 1959); Williams v. Midland Constructors, 221 F.Supp. 400, 402–403 (E.D. Ark.1963); Barkeij v. Don Lee, Inc., 34 F.Supp. 874, 876 (S.D.Cal.1940).

---

1. Subsequent to Nationwide's instant motion to dismiss the third-party complaint, plaintiff Thompson has filed a new complaint against Nationwide in which Thompson once again sets forth a direct alternative cause of action for the entire $20,500.00 fee.

Nationwide claims, however, that (1) this Court lacks jurisdiction over the third-party complaint, and (2) since venue would not be proper in this District in an independent action by UATC against Nationwide, venue is not proper in this third-party action.

 It is established that a third-party claim is ancillary to the main claim, and that no independent jurisdictional ground should be required. Agrashell, Inc. v. Bernard Sirotta Co., 344 F.2d 583, 585 (2d Cir. 1965) ; Dery v. Wyer, supra, 265 F.2d at 807; 3 Moore, Federal Practice ¶ 14.26, at 703 (2d ed. 1966). The same principle is equally applicable to any objections by the third-party defendant based on venue, 3 Moore, Federal Practice ¶ 14.28, at 742–43 (2d ed. 1966); see Agrashell, Inc. v. Bernard Sirotta Co., supra at 585; Jorgensen Bros. v. Commerce-Pacific, Inc., 305 F.2d 630 (9th Cir. 1962), especially when said third-party defendant has made no showing of "great inconvenience". United States v. Acord, 209 F.2d 709, 714 (10th Cir.), cert. denied, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954).

 Since the relation and effect of the lease agreement upon the present suit herein constitutes a controversy between the plaintiff, the Landlord and the Tenant as to their respective rights and obligations, all three parties should be present for a determination thereof. The original complaint and the third-party complaint arise out of the same transactions and in the interest of simplicity and consistency should be heard together. The general purpose of Rule 14 was

> " * * * to avoid actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment

in his favor against the third-party defendant." 3 Moore, Federal Practice ¶ 14.04, at 501 (2d ed. 1966) ; see Dery v. Wyer, supra, 265 F.2d at 806–807.

For the above-stated reasons, third-party defendant's motion to dismiss the third-party complaint is accordingly denied.

 Third-party defendant's motion to strike the allegations of Paragraph 4 through Paragraph 10 of the third-party complaint on the grounds that these statements are gratuitous and calculated merely to prejudice the position of the third-party defendant similarly must be denied. Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." The above paragraphs constitute the crux of the third-party complaint and to strike these allegations would amount to a dismissal of the very complaint which this Court has upheld herein.

 This Court has the discretion to sever a third-party claim "if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim or to sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result. * * * " Rule 14, Federal Rules of Civil Procedure, Advisory Committee Note to 1963 Amendment. From the above discussion, it seems obvious to this Court that the third-party claim in the instant action is not of such a nature so as to come within the contemplation of the severance provision.

Accordingly, third-party defendant's primary motion herein is in all respects denied. Such determination renders third-party defendant's companion motion moot, and that motion is likewise denied.

So ordered.