## LONGWOOD MANUFACTURING CORP., Plaintiff,

v.

## WHEELABRATOR CLEAN WATER SYSTEMS, INC., Defendant.

### Civil No. 96–204–P–H.

United States District Court, D. Maine.

Jan. 31, 1997.

Charles A. Harvey, Jr., Harvey & Frank, Portland, ME, for Plaintiff.

Robert H. Stier, Kenneth W. Lehman, Bernstein, Shur, Sawyer & Nelson, Portland, ME, for Defendant.

## SECOND AMENDED ORDER ON DEFENDANT'S MOTION TO DISMISS [1]

HORNBY, Chief Judge.

A 1944 Supreme Court decision and a 1957 First Circuit decision require me to deny this motion to dismiss, although there appears to be no good reason for any continued vitality to those holdings.

In a separate action, Wheelabrator Clean Water Systems, Inc. has sued Longwood Manufacturing Corp. for patent infringement. Among its affirmative defenses in that other action, Longwood has claimed that Wheelabrator's patent is invalid because it was fraudulently procured. Now in this separate action Longwood has sued Wheelabrator under the federal antitrust laws, 15 U.S.C. § 2 *et seq.*, claiming that Wheelabrator's patent litigation in the other lawsuit, where it is allegedly trying to enforce a fraudulently procured patent, is an unlawful attempt to monopolize the relevant market. Wheelabrator has moved to dismiss this antitrust lawsuit, claiming that it should have

---

**1.** This order amends my Orders of September 23, 1996 and December 18, 1996, in light of my decision to grant Wheelabrator's motions for certification to the Court of Appeals for the First Circuit pursuant to 28 U.S.C. § 1292(b). *See infra* p. 19.

been raised as a compulsory counterclaim in the other lawsuit.

In *Fowler v. Sponge Products Corp.*, 246 F.2d 223, 227 (1st Cir.1957), the First Circuit Court of Appeals stated: "[T]he Supreme Court has clearly stated that a counterclaim for treble damages [under the antitrust laws] is permissive in nature so that failure by a defendant to plead it in a prior patent suit does not bar a subsequent independent suit by him under the anti-trust laws." The First Circuit cited *Mercoid Corp. v. Mid–Continent Investment Co.*, 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944), in support of its statement. In *Mercoid,* Justice Douglas stated that an antitrust counterclaim for damages in a patent lawsuit "is more than a defense; it is a separate statutory cause of action. The fact that it might have been asserted as a counterclaim in the prior [patent validity] suit by reason of Rule 13(b) [permissive counterclaims] of the Rules of Civil Procedure, 28 U.S.C.A. following section 723(c), does not mean that the failure to do so renders the prior judgment res judicata as respects it." *Id.* at 671, 64 S.Ct. at 274. *Mercoid* has been roundly criticized for its reading of the permissive/compulsory counterclaim rules, *see* 3 *Moore's Federal Practice* § 13.13, at 13–76–77 n. 23 (1994); 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1412, at 90–94 (1990), and many lower courts have limited it to its facts in light of their distaste for Justice Douglas's pronouncement. *See, e.g., American Packaging Corp. v. Golden Valley Microwave Foods,* No. 94–1839, 1995 WL 262522, at \*4 (E.D.Pa. May 1, 1995); *Rohm & Haas Co. v. Brotech Corp.,* 770 F.Supp. 928, 931–32 (D.Del.1991). Nonetheless, *Mercoid* has never been overruled and recent decisions have recognized its ongoing vitality. *See, e.g., Hydranautics v. Filmtec Corp.,* 70 F.3d 533, 536 (9th Cir. 1995) ("A claim that patent infringement litigation violated an antitrust statute is a permissive, not a mandatory, counterclaim in a patent infringement case, and is not barred in a subsequent suit by failure to raise it in the infringement suit.").

It is hard to identify any logical support for the *Mercoid* pronouncement except per-

haps a later development in federal appellate jurisdiction. Specifically, it is now the case under 28 U.S.C. § 1295 that the Federal Circuit Court of Appeals resolves issues of patent law rather than the individual circuits, whereas the individual circuits have jurisdiction over appeals in antitrust cases pursuant to 15 U.S.C. § 15. Arguably, this could furnish a post-hoc justification for the *Mercoid* statement. *See Hydranautics, supra,* at 536. Alternatively, some courts have attempted to limit *Mercoid* to a particular category of antitrust/patent claims. *See, e.g., Insultherm v. Tank Insulation Int'l,* 909 F.Supp. 465, 470–71 (S.D.Texas 1995), *aff'd,* No. 96–1163, 1996 WL 444631 (Fed.Cir. Aug. 7, 1996) (per curiam). Specifically, these courts distinguish antitrust claims that challenge patent validity because of fraudulent procurement (not recognized by the Supreme Court until after *Mercoid* in *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965)) from those that claim patent misuse. *See, e.g., Rohm & Haas Co., supra,* at 934. The argument goes that in the latter category the patent itself may be valid while its use is improper and that the counterclaim therefore can be treated as permissive in such cases. *See id.* at 932 (explaining the rationale of *Mercoid* and why it is inapplicable to *Walker Process* claims). When the validity of the patent itself is in dispute, the argument continues, the counterclaim must be compulsory. *See id.* at 934 (stating that, unlike *Mercoid* patent misuse claims, *Walker Process* fraudulent procurement claims "directly implicate issues of patent law, and stem from the same 'roots' as infringement claims"). The categories become difficult to determine where, as here, the counterclaim maintains that it is the knowing attempt to enforce a fraudulently procured patent that creates the antitrust claim.

Perhaps *Mercoid* and *Fowler* should be overruled, but that is not a decision for me to make. The motion to dismiss is therefore **DENIED.**

Wheelabrator's motion is also **DENIED** with regard to the defendant's assignor estoppel argument. Under *Diamond Scientific Co. v. Ambico, Inc.,* 848 F.2d 1220, 1225–26 (Fed.

Cir.1988), the application of assignor estoppel requires this court to balance the equities and inquire into privity. *See also Shamrock Technologies, Inc. v. Medical Sterilization, Inc.*, 903 F.2d 789 (Fed.Cir.1990). Because this cannot be done on these pleadings, this ground will not support a motion to dismiss. I will, of course, entertain any motion to consolidate the two cases if that is appropriate, but I observe that in many instances the trial of the patent and antitrust issues are severed in any event, since the antitrust claim is so heavily dependent upon the outcome of the patent's validity. *See Hydranautics, supra,* at 536.

I find, however, that this order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from [this] order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b). Therefore, I certify for interlocutory appeal to the Court of Appeals for the First Circuit the question of whether an antitrust claim is a compulsory counterclaim in a separate patent infringement suit. So OR-DERED.